# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 1:08-cr-005
                                                Also Case No. 1:10-cv-448

                                                Chief Judge Susan J. Dlott
    -vs-                                          Magistrate Judge Michael R. Merz
                                     :

BRIAN LEWIS,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 25). It has been referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b) and the Motion is ripe for initial screening under Rule 4 of the Rules Governing § 2255 Motions.

Defendant was sentenced in this case on October 14, 2008, and judgment was entered memorializing that sentence on October 21, 2008 (Doc. No. 22). The Court imposed a sentence of sixty months on each count of conviction, to be served consecutively, the statutory mandatory minimum for the offenses of conviction, possession with intent to distribute five grams or more of crack cocaine and use of a firearm in furtherance of a drug trafficking crime. Judgment became final when the time for appeal expired on November 4, 2008[1]. As Defendant notes in his Motion, no appeal was taken.

---

[1] At that time Fed. R. App. P. 4(b) allowed ten days for filing a notice of appeal, but intermediate Saturdays, Sundays, and legal holidays were excluded.

§905 of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) amended 28 U.S.C. §2255 to add the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because the judgment of conviction became final on November 4, 2008, the statute of limitations expired on November 5, 2009, unless some other date applies to start the running of the statute, since Defendant did not file the instant Motion until July 7, 2010. Defendant argues that this case comes within ¶ 4 and the facts he relies on were discovered "during the 2010's House Judiciary Committee passing the 'Fairness in Cocaine Sentencing Act of 2009'. (i.e. H.R. 3245)." (Motion, Doc. No. 25, PageID 62.)

Defendant then relates portions of the testimony before the House on the discrepancy in sentencing between crack and powder cocaine, citing, inter alia, it unfairness in light of the psychotropic effects of the two forms of cocaine and the disproportionate impact of the 110-1 sentencing ratio on African-Americans.

However, Defendant's own Motion shows that the debate about the disparity has been going on for a long time, at least since it was enacted into law. For example, he relates that the Sentencing

2

Commission has been warning about the disparity for "nearly fifteen years." (Motion, Doc. No. 25, PageID 62). How could anyone, particularly anyone involved in cocaine trafficking, plausibly claim that he first learned of the controversy over the disparity from testimony before Congress? Defendant's claim that he first became aware of the facts underlying that controversy in 2009 during the Congressional debates is not plausible.

Moreover, even if his late learning of those facts would excuse Defendant's late filing, they do not constitute a basis for § 2255 relief. 28 U.S.C. § 2255 is not a general remedy for revising a federal sentence whenever a defendant can persuade the Court that his or her sentence is somehow unfair. Rather a prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Neither the United States Supreme Court nor the Sixth Circuit Court of Appeals has ever held that the crack/powder cocaine sentencing disparity is unconstitutional. However strong the arguments may be for a Congressional revision of the sentencing disparity, those arguments do not make an already imposed sentence retroactively unconstitutional. It may be that when Congress adopts the Fairness in Cocaine Sentencing Act, it will grant some retroactive relief, but that does not mean such relief is compelled by the United States Constitution.

Because Defendant's § 2255 Motion is both untimely and fails to state a claim on which relief can be granted under that statute, it should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied any requested certificate

3

of appealability and the Court should certify that any appeal would be objectively frivolous.

July 21, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).