IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

      Plaintiff,

:

Case No. 1:08-cr-005
Also Case No. 1:10-cv-448

:

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

    -vs-

BRIAN LEWIS,

:

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 39) to the Magistrate Judge's Report and Recommendations (Doc. No. 38). Chief Judge Dlott has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 40).

Lewis brought his instant § 2255 Motion (Doc. No. 37) pursuant to 28 U.S.C. § 2255(f)(4) (Doc. No. 36). Defendant bases his claim on *United States v. Blewett,* ___ F.3d ___, 2013 U.S. App. LEXIS 9889 (6th Cir. May 17, 2013), in which a majority of a three-judge panel of the court held that the Fair Sentencing Act of 2010 (Pub. L. 111-220, 124 Stat. 2372) must be construed to apply to persons sentenced for crack cocaine offenses before it was adopted in order to avoid doubt as to its constitutionality. Upon initial review under Rule 4 of the Rules Governing § 2255 Motions, the Magistrate Judge recommended that the Motion be dismissed with prejudice as barred by the statute of limitations, which was also true of Lewis' prior § 2255 Motion (Report and Recommendations, Doc. No. 38, PageID 112). Alternatively, the Magistrate Judge concluded the case could not proceed without prior permission of the Sixth Circuit Court

1

of Appeals because it was a second or successive § 2255 motion. *Id.*

Lewis first objects that the Report recommends dismissal for lack of jurisdiction. He reads Rule 4 as providing only for summary dismissal if a district court finds no merit to the case. But federal courts are courts of limited jurisdiction and are bound to enforce the limits on their jurisdiction *sua sponte*. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986);*quoting Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). The Supreme Court has held that when circuit court permission is required to file a second habeas corpus petition and that permission has not been obtained, the district court indeed lacks jurisdiction to consider the petition. *Burton v. Stewart*, 549 U.S. 147 (2007). The limit on second or successive § 2255 motions was adopted as part of the AEDPA, the same statute at issue in *Burton*. There is no reason why the same jurisdictional limitations does not apply here.

Next Lewis argues that, instead of dismissing his Motion for lack of jurisdiction, this Court must transfer it to the Sixth Circuit to obtain permission, *citing Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); and *Galka v. Caruso*, 599 F. Supp. 2d 854 (E.D. Mich. 2009). *Galka* relies on *In re Sims*, 111 F.3d 45 (6th Cir. 1997), where the Sixth Circuit held that:

> when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Sims* is apparently still good law in the Sixth Circuit. In *re Owens*, 2013 U.S. App. LEXIS 8585 (6th Cir. Apr. 26, 2013); *Keith v. Bobby*, 618 F.3d 594 (6th Cir. 2010). However, this Court

cannot transfer to the Sixth Circuit the initial decision of whether the instant Motion is second or successive. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re:Kenneth W. Smith*, 690 F.3d 8089 (6th Cir. 2012).

Therefore the recommendation in the original Report is MODIFIED as follows: this Court should decide that the instant Motion is a second § 2255 motion and transfer it to the Sixth Circuit for further consideration.

July 25, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).